IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON N. LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. Civ-21-346-SLP |
| DR. KENT KING, et al., | ) ) ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging he was denied medical care in violation of his constitutional rights. Before the Court is Magistrate Judge Gary M. Purcell's Report and Recommendation [Doc. No. 28] (R&R). The Magistrate Judge recommends granting the Joint Motion to Dismiss [Doc. No. 19] of Defendants Dr. Kent King and Turn Key Health Clinics, LLC ("Turn Key") and further recommends Plaintiff be granted leave to file a Second Amended Complaint.

No party has objected to that aspect of the R&R recommending that the Amended Complaint be dismissed for failure to state a claim upon which relief may be granted. Defendants, however, object to the R&R with respect to the recommendation that Plaintiff be granted further leave to amend. *See* Obj. [Doc. No. 30]. The Court, therefore, conducts a de novo review only as to the issue of whether Plaintiff should be granted further leave to amend. *See* Fed. R. Civ. P. 72(b)(3); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

On April 15, 2021, Plaintiff filed his Complaint [Doc. No. 1]. The Magistrate Judge reviewed the Complaint, noted that is was "deficient in several respects" and gave Plaintiff the opportunity to file an Amended Complaint. *See* Order [Doc. No. 11]. On June 9, 2021, Plaintiff filed an Amended Complaint [Doc. No. 12].

Defendants then moved to dismiss the Amended Complaint, *see* Joint Mot. [Doc. No. 19] and the Magistrate Judge ordered Plaintiff to respond. *See* Order [Doc. No. 20]. Plaintiff responded by filing a document entitled "Motion for Amend" [Doc. No. 22]. The Motion states:

> Comes now Aaron Lewis to request this court to amend initial filing. I was not aware I was had to show all the information the defendants included in their MOTION TO DISSMISS AND BRIEF IN SUPPORT OF DEFENDANTS TURN KEY HEALTH CLINICS, LLC AND DR. KENT KING. If allowed to amend I can show deliberate indifference and delay that caused substantial harm and disfigurement resulting in a life long handicap.

Id.

In response, the Magistrate Judge entered an order granting in part and denying in part this Motion. The Court directed Plaintiff to either file an amended complaint or respond to the Motion to Dismiss. *See* Order [Doc. No. 23].

Plaintiff then filed two documents entitled "Answer to Defendants Motion to Dismiss" [Doc. Nos. 24, 25]. The Magistrate Judge construed these "Answers" as Plaintiff's response to the Motion to Dismiss. R&R at 4.

As set forth, the Magistrate Judge then recommended granting the Motion to Dismiss. Noting, however, the additional factual allegations included in Plaintiff's responses thereto, the Magistrate Judge further recommended granting Plaintiff leave to

amend the complaint to include these factual allegations.

In their objection, Defendants acknowledge that leave to amend should be freely given when justice so requires. *See* Obj. at 4 (citing Fed. R. Civ. P. 15(a)(2)). Defendants further acknowledge that such leave should be given in the absence of undue delay, bad faith or dilatory motive. *Id*. But Defendants argue that Plaintiff has "repeatedly" failed to cure the deficiencies in his Complaint and "allowing him essentially a third swing at this does not effectuate a speedy nor inexpensive determination of this action." *Id*. Defendants further argue, in conclusory fashion, that "Plaintiff has no way to cure the defects in his Amended Complaint, as filing a Second Amended Complaint would be futile." *Id*.

The Court is mindful of Plaintiff's status as a pro se litigant and the Court's duty to construe his pleadings liberally but not act as his advocate. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019). The record demonstrates Plaintiff's confusion over the level of detail required with respect to the factual allegations in support of his claims and the proper manner in which to proceed with submitting those additional factual allegations. The Court does not view Plaintiff's actions as resulting from undue delay or otherwise as dilatory or taken in bad faith.

As noted, Plaintiff has now filed a proposed Second Amended Complaint [Doc. No. 31]. The Court makes no findings with respect to the sufficiency of the allegations included therein, but rerefers the matter to the Magistrate Judge for further proceedings.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 28] is ADOPTED in its ENTIRETY. Plaintiff is granted leave to file the Second Amended Complaint (which the Court now deems filed with such leave) and the matter is referred to

the Magistrate Judge for further proceedings.

    IT IS SO ORDERED this 29th day of November, 2021.

                                                          SCOTT L. PALK
                                                          UNITED STATES DISTRICT JUDGE