IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON N. LEWIS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. CIV-21-346-SLP ) |
| DR. KENT KING, et al., | ) ) |
|     Defendants. | ) ) |

**O R D E R**

Plaintiff, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging he was denied medical care in violation of his constitutional rights. Before the Court is Magistrate Judge Gary M. Purcell's Supplemental Report and Recommendation [Doc. No. 44] (Supplemental R&R). The Magistrate Judge recommends granting the Motion to Dismiss [Doc. No. 34] of Defendant Turn Key Health Clinics, LLC ("Turn Key"). The Magistrate Judge further recommends construing the Motion to Dismiss of Defendant Dr. King [Doc. No. 34] as a motion for summary judgment and that summary judgment be entered in Dr. King's favor.

Plaintiff filed a document headed "Objection" [Doc. No. 49] but he does not challenge any findings of the Supplemental R&R. Instead, he states that he does not understand the procedural posture of the case and he "will file" a motion to appoint counsel. *See* Pl.'s Obj. at 1.

Plaintiff contemporaneously filed a Request to Enter Appearance In Propria Persona [Doc. No. 50]. He requests that the Court enter his appearance "in propia persona as

plaintiff, Aaron Lewis, in above-entitled action." No action of the Court is required with respect to this request.

Plaintiff also filed a Request for the Appointment of Counsel [Doc. No. 51]. In support, Plaintiff cites his lack of familiarity with the "technical requirements of the summary judgment rule" and that it "may be" that he lacked "sufficient access to sources of proof" or the "ability to express himself" to "demonstrate the existence of a question of material fact." *Id*. at 1-2. Plaintiff notes that he has written to multiple attorneys but no one has agreed to take his case. *Id*. at 4-5.

Plaintiff has not objected to the Supplemental R&R and, therefore, the Court ADOPTS the findings set forth therein.[1] As to his request for appointment of counsel, Plaintiff acknowledges that whether to appoint counsel is a matter left to the Court's discretion. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); 28 U.S.C. § 1915(e)(1). In exercising this discretion, the Court must consider a number of factors including: (1) the merits of the litigant's claim, (2) the nature of the factual issues involved, (3) the litigant's ability to present his claims and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Having considered these factors, Plaintiff's request for appointment of counsel is denied. As set forth in the Supplemental R&R, Plaintiff's claims lack merit. Moreover,

---

[1] Because Plaintiff fails to address any specific issue, he has waived review of the findings set forth in the Supplemental R&R. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) (addressing Tenth Circuit's firm waiver rule and stating that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court"); *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Plaintiff has demonstrated the ability to present his claims to the Court despite the alleged challenges he faces as a pro se litigant and at his current place of confinement. Although Plaintiff states he does not understand the summary judgment rules and/or "may" have lacked access to sufficient facts, his statement is wholly conclusory and fails to identify with any specificity how his lack of understanding has impacted the pursuit of his claims or what additional facts are needed.  Moreover, Plaintiff's claims alleging deliberate indifference to his medical needs are not factually or legally complex.  For all these reasons, Plaintiff has not demonstrated appointment of counsel is warranted.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 44] is ADOPTED in its entirety.  Defendant Turn Key's Motion to Dismiss [Doc. No. 34] is GRANTED and Plaintiff's claims against Turn Key are dismissed for failure to state a claim upon which relief may be granted.  Defendant King's Motion to Dismiss [Doc. No. 34], construed as a motion for summary judgment, is GRANTED and summary judgment is entered in favor of Defendant King.  And Plaintiff's Motion for Jury Trial [Doc. No. 40] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Request to Enter Appearance in Propria Persona [Doc. No. 50] is DENIED as MOOT and Plaintiff's Motion for Appointment of Counsel [Doc. No. 51] is DENIED.

A separate judgment will be entered contemporaneously with this Order.

IT IS SO ORDERED this 16th day of May, 2022.

                                                                                        SCOTT L. PALK
                                                                                        UNITED STATES DISTRICT JUDGE